# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL NO. 3:10CV474-FDW-DSC

| | |
|---|---|
| STEVEN A. FLOYD,<br>   Plaintiff,<br><br>vs.<br><br>MICHAEL J. ASTRUE,<br>Commissioner of Social<br>Security Administration,<br>   Defendant. | **MEMORANDUM AND RECOMMENDATION** |

**THIS MATTER** is before the Court on Plaintiff's "Motion for Summary Judgment" (document #9) and "Memorandum ... in Support ..." (document #10), both filed March 10, 2011; and the Defendant's "Motion for Summary Judgment" (document #13) and "Memorandum in Support ... " (document #14), both filed June 2, 2011. This case has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1), and these Motions are now ripe for disposition.

Having considered the written arguments, administrative record, and applicable authority, the undersigned respectfully recommends that Plaintiff's Motion for Summary Judgment be <u>denied</u>; that Defendant's Motion for Summary Judgment be <u>granted</u>; and that the Commissioner's decision be <u>affirmed</u>.

## I. PROCEDURAL HISTORY

On January 29, 2007, Plaintiff filed an application for a period of disability, disability insurance benefits ("DIB") and Supplemental Security Income ("SSI"), alleging that he became disabled as of December 15, 2006. Plaintiff's application was denied initially and on

reconsideration, and a hearing was held on June 17, 2009. At the hearing, Plaintiff amended his alleged onset date to June 16, 2008.

On September 9, 2009, the Administrative Law Judge (ALJ) issued a decision denying Plaintiff benefits. (Tr. 7-17). In his decision, the ALJ found that Plaintiff had not engaged in substantial gainful activity since his alleged onset date. (Tr. 12). The ALJ then found that Plaintiff suffered from diabetes, diabetic neuropathy, pain in his upper and lower extremities, residuals from cervical fusion, and hypertension which were medically determinable "severe impairments," but his impairment or combination of impairments did not meet or medically equal any of those listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1. (Tr. 15). The ALJ went on to find that Plaintiff retained the Residual Functional Capacity ("RFC")[1] to perform unskilled light[2] work with no more than frequent fingering of objects or reaching, no more than occasional climbing or crawling, and no constant exposure to hazards. Id. The ALJ determined that Plaintiff could perform his past relevant work as a waxing machine operator, custodian and truck driver. (Tr. 16). Accordingly, the ALJ concluded that Plaintiff was not disabled within the meaning of the Social Security Act. Id.

By notice dated July 22, 2010, the Appeals Council denied Plaintiff's request for further administrative review.

---

[1] The Social Security Regulations define "Residual Functional Capacity" as "what [a claimant] can still do despite his limitations." 20 C.F.R. § 404.1545(a). The Commissioner is required to "first assess the nature and extent of [the claimant's] physical limitations and then determine [the claimant's] residual functional capacity for work activity on a regular and continuing basis." 20 C.F.R. § 404.1545(b).

[2] "Light" work is defined in 20 C.F.R. § 404.1567(b) as follows:

> Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities. If someone can do light work, we determine that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time.

Plaintiff filed the present action on September 23, 2010. Plaintiff assigns error to the ALJ's formulation of his RFC, his evaluation of Plaintiff's credibility, and his determination that Plaintiff could perform his past relevant work. See Plaintiff's "Memorandum in Support ..." at 10-18 (document #10). The parties' cross dispositive Motions are ripe for disposition.

## II. STANDARD OF REVIEW

The Social Security Act, 42 U.S.C. § 405(g) and § 1383(c)(3), limits this Court's review of a final decision of the Commissioner to: (1) whether substantial evidence supports the Commissioner's decision, Richardson v. Perales, 402 U.S. 389, 390, 401 (1971); and (2) whether the Commissioner applied the correct legal standards. Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990); see also Hunter v. Sullivan, 993 F.2d 31, 34 (4th Cir. 1992) (per curiam). The District Court does not review a final decision of the Commissioner de novo. Smith v. Schweiker, 795 F.2d 343, 345 (4th Cir. 1986); King v. Califano, 599 F.2d 597, 599 (4th Cir. 1979); Blalock v. Richardson, 483 F.2d 773, 775 (4th Cir. 1972).

As the Social Security Act provides, "[t]he findings of the [Commissioner] as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). In Smith v. Heckler, 782 F.2d 1176, 1179 (4th Cir. 1986), quoting Richardson v. Perales, 402 U.S. 389, 401 (1971), the Fourth Circuit defined "substantial evidence" thus:

> Substantial evidence has been defined as being "more than a scintilla and do[ing] more than creat[ing] a suspicion of the existence of a fact to be established. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."

See also Seacrist v. Weinberger, 538 F.2d 1054, 1056-57 (4th Cir. 1976) ("We note that it is the responsibility of the [Commissioner] and not the courts to reconcile inconsistencies in the medical evidence").

3

The Fourth Circuit has long emphasized that it is not for a reviewing court to weigh the evidence again, nor to substitute its judgment for that of the Commissioner, assuming the Commissioner's final decision is supported by substantial evidence. Hays v. Sullivan, 907 F.2d at 1456 (4th Cir. 1990); see also Smith v. Schweiker, 795 F.2d at 345; and Blalock v. Richardson, 483 F.2d at 775. Indeed, this is true even if the reviewing court disagrees with the outcome – so long as there is "substantial evidence" in the record to support the final decision below. Lester v. Schweiker, 683 F.2d 838, 841 (4th Cir. 1982).

### III. DISCUSSION OF CLAIM

The question before the ALJ was whether at any time the Plaintiff became "disabled," as that term of art is defined for Social Security purposes.[3] Concerning his first assignment of error, Plaintiff had the burden of establishing his RFC, 20 C.F.R. §§ 404.1512(c), 416.912(c), which is relevant at steps four and five of the sequential evaluation process to determine whether he could perform his past work or other work existing in significant numbers in the national economy. 20 C.F.R. §§ 404.1545(a)(5), 404.1560(c)(2), 416.945(a)(5), 416.960(c)(2). In assessing Plaintiff's functional limitations, the ALJ reviewed the medical evidence in formulating his findings (Tr. 12-16). The weighing of medical evidence is a task reserved to the Commissioner. See Johnson v. Barnhart, 434 F.3d 650, 653 (4th Cir. 2005).

Plaintiff argues that the ALJ's decision should be reversed because he did not properly conduct a function-by-function analysis in determining Plaintiff's RFC as required by Social

---

[3]Under the Social Security Act, 42 U.S.C. § 301, et seq., the term "disability" is defined as an:

inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months . . . .
Pass v. Chater, 65 F. 3d 1200, 1203 (4th Cir. 1995).

4

Security Ruling 96-8p. Other courts have rejected this argument. See Bayliss v. Barnhart, 427 F.3d 1211, 1217 (9th Cir. 2005) (where ALJ's RFC accounts for limitations supported by the record that did not depend on claimant's subjective complaints, "[p]reparing a function-by-function analysis for medical conditions or impairments that the ALJ found neither credible nor supported by the record is unnecessary"); Zatz v. Astrue, 346 F. App'x 107, 111-12 (7th Cir. 2009) ("an ALJ need not provide superfluous analysis of irrelevant limitations or relevant limitations about which there is no conflicting medical evidence"); see also Depover v. Barnhart, 349 F.3d 563, 567-68 (8th Cir. 2003).

The ALJ determined that Plaintiff could perform light work (Tr. 15). In that regard, the ALJ stated he was not convinced that Plaintiff would need to sit for most of the day, and that Plaintiff had not shown he would be unable to do the standing and walking required for light work (Tr. 15-16). The ALJ also made findings regarding Plaintiff's limitations in climbing, crawling, reaching, and fingering, as well as the acceptable level of exposure to hazards Plaintiff could endure (Tr. 15). The ALJ also found that Plaintiff could perform unskilled work, and more specifically defined that term to mean simple, routine, repetitive tasks (Tr. 15). See Allison v. Apfel, No. 99-4090, 2000 WL 1276950, at *4 (6th Cir. Aug. 30, 2000) (viewing limitation to simple, routine, repetitive tasks as a limitation to unskilled work). Further, the ALJ cited to the record, including various medical tests and assessments (Tr. 14-16), as well as Plaintiff's testimony about his symptoms (Tr. 12-13, 16). Thus, the ALJ complied with the function-by-function assessment requirements of SSR 96-8p. See Turman v. Astrue, No. 3:09-CV-468-FDW-DSC, 2010 WL 4683918, at *7 (W.D.N.C. Nov. 10, 2010) (affirming where ALJ described the claimant's RFC in terms of his abilities and cited to the evidence, including medical tests and assessments and the claimant's testimony).

Plaintiff points to no additional limitation the ALJ should have included. See Lemken v.

5

Astrue, Civ. No. 5:07-cv-33, 2010 WL 5057130, at *8 (W.D.N.C. Jul. 26, 2010) ("Plaintiff has failed to present evidence that contradicts the ALJ's decision, the Plaintiff's contention that the ALJ's decision should be remanded is unavailing.")

Plaintiff also argues that the ALJ's RFC determination is fatally flawed because he did not make a specific finding that Plaintiff could perform sustained work on a regular and continuing basis. Plaintiff's argument has been rejected by this Court. Grubby v. Astrue, No. 1:09-cv-364, 2010 WL 5553677 at *15 (W.D.N.C. Nov. 18, 2010) (attachment 2). As the Court explained in Grubby, "[b]y definition,... the RFC determination contemplates that an individual will sustain that capacity for 8 hours per day, 5 days per week." Id. (citing SSR 96-8p; Perkul v. Barnhart, 153 F. App'x. 329, 332 (5th Cir. 2005)). This argument does not provide a basis for remanding the ALJ's well-supported RFC determination. Grubby, 2010 WL 553677 at *15.

Plaintiff next argues that the ALJ's credibility assessment is not supported by substantial evidence. The determination of whether a person is disabled by nonexertional pain or other symptoms is a two-step process. "First, there must be objective medical evidence showing the existence of a medical impairment(s) which results from anatomical, physiological, or psychological abnormalities and which could reasonably be expected to produce the pain or other symptoms alleged." Craig v. Chater, 76 F.3d 585, 594 (4th Cir. 1996), citing 20 C.F.R. § 416.929(b); and § 404.1529(b); 42 U.S.C. § 423(d)(5)(A). If there is such evidence, then the ALJ must evaluate "the intensity and persistence of the claimant's pain, and the extent to which it affects [his] ability to work." Id. at 595, citing 20 C.F.R. § 416.929(c)(1); and § 404.1529(c)(1). The regulations provide that this evaluation must take into account:

> not only the claimant's statements about his or her pain, but also "all the available evidence," including the claimant's medical history, medical signs, and laboratory findings; any objective medical evidence of pain (such as evidence of reduced joint

motion, muscle spasms, deteriorating tissues, redness, etc.); and any other evidence relevant to the severity of the impairment, such as evidence of the claimant's daily activities, specific descriptions of the pain, and any medical treatment taken to alleviate it.

Craig, 76 F.3d at 595 (citations omitted).

The record contains evidence of Plaintiff's diabetes, diabetic neuropathy, pain in his upper and lower extremities, and residuals from cervical fusion and hypertension – which could be expected to produce some of the symptoms claimed by Plaintiff. Accordingly, the ALJ found Plaintiff to have met the first prong of the test. The ALJ then properly determined, however, that Plaintiff's subjective complaints were not fully credible, as they were not consistent with the objective evidence in the record. (Tr. 16).

The ALJ considered the relevant evidence in the record, including objective medical evidence, Plaintiff's statements regarding his symptoms, Plaintiff's medications, and treatment modalities other than medication used for relief. The ALJ considered Plaintiff's activities of daily living (Tr. 12-15), which included attending AA meetings, church, and volunteering at the Red Cross up to three times per week (Tr. 42, 50, 601). The ALJ also considered Plaintiff's admission that none of his doctors had ever imposed any limitations upon him (Tr. 13, 49). See 20 C.F.R. §§ 404.1529(c), 416.929(c). Plaintiff contends that the ALJ's assessment is flawed because it was impermissibly conclusory. According to Plaintiff, the ALJ's failed to comply with SSR 96-7p and 20 C.F.R. § 404.1529, because he did not consider all of the factors enumerated in those provisions. However, the ALJ is not required to discuss each factor in his decision. The decision must contain "specific reasons for the finding on credibility, supported by the evidence in the case record, and must be sufficiently specific to make clear to the individual and to any subsequent reviewers the weight the adjudicator gave to the individual's statements and the reasons for that weight." SSR 96-

7p. This Court has held that an ALJ's credibility determination was adequately supported by reliance on an absence of objective proof of symptoms, the claimant's activities of daily living, and the claimant's medication regimen. Rogers v. Barnhart, 204 F. Supp. 2d 885, 895-96 (W.D.N.C. 2002).

Finally, Plaintiff assigns error to the ALJ's conclusion that he could perform his past relevant work. Plaintiff attempts to shift the burden to the Commissioner at step four, arguing that the ALJ failed to comply with Social Security Ruling 82-62 because his decision did not make specific findings regarding the physical and mental demands of Plaintiff's past relevant work as a window glazer. To the contrary, Plaintiff bore the burden of proving that he was unable to perform his past relevant work. Hunter v. Sullivan, 993 F.2d 31, 35 (4th Cir. 1992); DeLoatche v. Heckler, 715 F.2d 148, 151 (4th Cir. 1983). Social Security Ruling 82-62 does not alter that burden, and explicitly provides that the "claimant is the primary source for vocational documentation, and statements by the claimant regarding past work are generally sufficient for determining the skill level, exertional demands and nonexertional demands of such work." SSR 82-62. Under SSR 82-62, an ALJ's duty to further develop the record concerning a claimant's past relevant work is only triggered once the ALJ is "alerted by the record to the presence of an issue on the subject of past relevant work." Jones v. Bowen, 699 F. Supp. 693, 696 (N.D. Ill. 1988); Santiago v. Secretary of Health and Human Servs., 944 F.2d 1, 6 (1st Cir. 1991) ("Nothing in SSR 82-62 requires the ALJ to further develop the record as to issues not raised by the claimant's initial proffers") (emphasis in original).

In his assessment, the ALJ explicitly recited the physical and mental demands of Plaintiff's past work, referencing the Vocational Expert's (VE's) testimony and the Dictionary of Occupational Titles (DOT). (Tr. 16).

At the hearing, the VE testified that Plaintiff's past relevant work consisted of work

classified in the DOT as a housekeeper/cleaner, a waxing machine operator, and a truck driver (Tr. 53-54). The VE further testified that an individual with the limitations ultimately found by the ALJ in his RFC determination could perform Plaintiff's past work as a housekeeper/cleaner (Tr. 15, 53-54).[4]

As to that occupation, Plaintiff stated that the work involved sweeping and mopping of floors, being up on his feet, moving around, no lifting, pushing a vacuum cleaner, and emptying the trash (Tr. 24). The VE testified that the position was classified as a light, unskilled position in the DOT (Tr. 53-54). See DeLoatche, 715 F.2d at 151 (an ALJ may rely on the DOT as "presumptively applicable" to a claimant's past relevant work). On cross examination, Plaintiff's counsel asked the VE only one question pertaining to an alternative hypothetical set of limitations (Tr. 55-56). Counsel did not ask any questions pertaining to the classification or description of Plaintiff's past work (Tr. 55-56). Plaintiff offered no evidence to alert the ALJ that any further development of the demands of his past relevant work was necessary. In short, Plaintiff bore the burden of establishing the exertional and nonexertional demands of his past relevant work, and the ALJ appropriately relied on the VE's testimony that, given Plaintiff's submissions to the agency and his testimony, he could perform his past relevant work as a housekeeper/cleaner. 20 C.F.R. §§ 404.1560(b)(2), 416.960(b)(2).

Simply put, "[w]here conflicting evidence allows reasonable minds to differ as to whether

---

[4]Although as Plaintiff points out, the ALJ's conclusion that Plaintiff could additionally perform his past work as a waxing machine operator and truck driver was incorrect (Tr. 16-17), the ALJ's mistake in this regard is of no consequence, as the record demonstrates that Plaintiff retained the RFC to perform at least one of his former occupations (Tr. 53-54). Accord DeLoatche, 715 F.2d at 151 (Plaintiff must demonstrate an inability to return to his past occupation not merely an inability to return to his specific prior job). See also Fisher v. Bowen, 869 F.2d 1055, 1057 (7th Cir. 1989) ("No principle of administrative law or common sense requires us to remand a case in quest of a perfect opinion unless there is reason to believe that the remand might lead to a different result").

a claimant is disabled, the responsibility for that decision falls on the Secretary (or the Secretary's designate, the ALJ)." Mickles v. Shalala, 29 F.3d 918, 923 (4th Cir. 1994)(citing Simmons v. Bowen, 834 F.2d 635, 640 (7th Cir. 1987)). This is precisely such a case, as it contains substantial evidence to support the ALJ's assessment of Plaintiff's RFC, subjective complaints, work history as well as the ultimate determination that Plaintiff was not disabled.

## IV. RECOMMENDATIONS

**FOR THE FOREGOING REASONS,** the undersigned respectfully recommends that Plaintiff's "Motion for Summary Judgment" (document #9) be **DENIED**; that Defendant's "Motion for Summary Judgment" (document #13) be **GRANTED**; and that the Commissioner's determination be **AFFIRMED**.

## V. NOTICE OF APPEAL RIGHTS

The parties are hereby advised that, pursuant to 28 U.S.C. §636(b)(1)(c), written objections to the proposed findings of fact and conclusions of law and the recommendation contained in this Memorandum must be filed within fourteen (14) days after service of same. Failure to file objections to this Memorandum with the District Court constitutes a waiver of the right to de novo review by the District Judge. Diamond v. Colonial Life, 416 F.3d 310, 315-16 (4th Cir. 2005); Wells v. Shriners Hosp., 109 F.3d 198, 201 (4th Cir. 1997); Snyder v. Ridenour, 889 F.2d 1363, 1365 (4th Cir. 1989). Moreover, failure to file timely objections will also preclude the parties from raising such objections on appeal. Thomas v. Arn, 474 U.S. 140, 147 (1985); Diamond, 416 F.3d at 316; Page v. Lee, 337 F.3d 411, 416 n.3 (4th Cir. 2003); Wells, 109 F.3d at 201; Wright v. Collins, 766 F.2d 841, 845-46 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

The Clerk is directed to send copies of this Memorandum and Recommendation to counsel

for the parties; and to the Honorable Frank D. Whitney.

**SO RECOMMENDED AND ORDERED**.

Signed: June 6, 2011

David S. Cayer
United States Magistrate Judge