IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:10-cv-474-FDW

| | |
|---|---|
| STEVEN A. FLOYD, | ) |
| Plaintiff, | ) |
| vs. | ) |
| | ) ORDER |
| MICHAEL J. ASTRUE, | ) |
| Commissioner of Social Security, | ) |
| Defendant. | ) |

THIS MATTER comes now before the Court on Plaintiff Steven A. Floyd's Motion for Summary Judgment (Doc. No. 9); Defendant Commissioner's Motion for Summary Judgment (Doc. No. 13); and the Magistrate Judge's Memorandum and Recommendation ("M&R") (Doc. No. 15) that respectfully recommends Plaintiff's Motion be denied, Defendant's Motion be granted, and Commissioner's decision be affirmed. Plaintiff timely filed objections to the M&R (Doc. No. 16), and Defendant Commissioner filed a reply to Plaintiff's Objections (Doc. No. 17). This matter is now ripe for review. For the reasons set forth, the Court OVERRULES Plaintiff's objections, ACCEPTS and ADOPTS the M&R, DENIES Plaintiff's Motion for Summary Judgment, GRANTS Defendant's Motion for Summary Judgment, and AFFIRMS the Commissioner's decision.

## I. BACKGROUND

Plaintiff does not lodge any specific objections to the procedural history section contained in the M&R. Therefore, the portion of the M&R entitled "Procedural History" is hereby adopted and incorporated by reference as if fully set forth herein.

On January 29, 2007, Plaintiff filed an application for a period of disability, disability insurance benefits, and Supplemental Security Income alleging that he became disabled as of December 15, 2006. Plaintiff's application was denied initially and on reconsideration.

Following a hearing wherein Plaintiff amended his alleged disability onset date to June 16, 2008, the Administrative Law Judge (ALJ) issued a decision denying Plaintiff benefits. (Tr. 7-17). As part of his determination, the ALJ made the following findings: Plaintiff had not engaged in substantial gainful activity since his alleged onset date (Tr. 12); Plaintiff's ailments did not medically equal any of those listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1. (Tr. 15); Plaintiff retained the Residual Functional Capacity ("RFC") to perform unskilled light work (Tr. 15); and Plaintiff could perform his past relevant work. (Tr. 16). Accordingly, the ALJ concluded that Plaintiff was not disabled within the meaning of the Social Security Act. (Tr. 16).

After the Appeals Council denied Plaintiff's request for further administrative review, Plaintiff filed this present action. The parties submitted cross dispositive Motions for Summary Judgment and Magistrate Judge David Cayer presented the aforementioned M&R.

## II. STANDARD OF REVIEW

**A. Review of the Commissioner's Determination**

Pursuant to the Social Security Act, this Court's review of a final decision of the Commissioner of Social Security is limited to whether substantial evidence supports the Commissioner's decision and whether the Commissioner applied the correct legal standards. 42 U.S.C. § 405(g) (2006); <u>Hays v. Sullivan</u>, 907 F.2d 1453, 1456 (4th Cir. 1990). The Fourth Circuit has recognized that "it is not within the province of a reviewing court to determine the weight of the evidence, nor is it the court's function to substitute its judgment for that of the Secretary if his decision is supported by substantial evidence." <u>Hays</u>, 907 F.2d at 1456.

Substantial evidence is "more than a scintilla and [it] must do more than create a suspicion of the existence of a fact to be established. It means such relevant evidence that a reasonable mind would accept as adequate to support a conclusion." Smith v. Heckler, 782 F.2d 1176, 1179 (4th Cir. 1986) (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)). Thus, if this Court finds that the Commissioner applied the correct legal standards and that his decision is supported by substantial evidence, the Commissioner's determination may not be capriciously overturned.

**B. Review of the Magistrate Judge's Memorandum and Recommendation**

In this case, the M&R recommended that Plaintiff's Motion for Summary Judgment be denied; that Defendant's Motion for Summary Judgment be granted; and that Commissioner's determination be affirmed. The M&R found that there was "substantial evidence to support the ALJ's assessment of Plaintiff's RFC, subjective complaints, work history as well as the ultimate determination that Plaintiff was not disabled." (Doc. 15 at 10).

The Federal Magistrate Act states that a district court "shall make a *de novo* determination of those portions of the report or specific proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); see also Camby v. Davis, 718 F.2d 198, 200 (4th Cir.1983). *De novo* review is not required, however, "when a party makes general or conclusory objections that do not direct the court to a specific error in the magistrate judge's proposed findings and recommendations." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982); see also Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005). Furthermore, no review is required of those portions of the M&R which are not subject to an objection. Homesley v. Freightliner Corp., 122 F. Supp. 2d 659, 660 (W.D.N.C. 2000) (citing Thomas v. Arn, 474 U.S. 140, 149 (1985)).

Upon careful review of the record, the district court may accept, reject, or modify the findings or recommendations made by the magistrate judge. Camby, 718 F.2d at 200. Based on the foregoing, the Court has thoroughly reviewed the M&R and conducted a *de novo* review of those parts of the M&R that are subject to an objection.

### III. ANALYSIS

Plaintiff raises four objections to the Magistrate Judge's findings and conclusions. The Court will review each of Plaintiff's first three objections in turn. Plaintiff's final objection states that "[t]he M&R improperly upholds the ALJ's failure to comply with the Defendants own rules. The ALJ's decision is inadequate as a whole and should not be allowed to stand." (Doc. 16 at 4) This objection is summarily overruled because it does not direct the Court to a specific error in the M&R, but rather, reasserts arguments wholly contained within other objections and raises extraneous and indiscriminate arguments not related to any specific objection to the M&R. Orpiano, 687 F.2d at 47; Diamond, 416 F.3d at 315. Following de novo review, the Court finds Plaintiff's first three objections to be equally without merit.

**A. Time to File a Response**

First, Plaintiff contends the M&R was issued before he was allowed sufficient time to file a Response to Defendant's Motion for Summary Judgment as provided in LcvR 7.1(E), and that he was prejudiced as a result. Plaintiff argues that LCvR 7.1(E) provided him fourteen (14) days, or until June 16, 2011, to file a Response to Defendant's Motion for Summary Judgment, and the M&R was improperly issued June 6, 2011, ten (10) days prior to this deadline.

However, it is the practice of this Court that Social Security cases are governed by the pretrial scheduling order, which in this case was issued on March 21, 2011 (Doc. No. 8). This order indicates that Plaintiff shall file a Motion for Summary Judgment and supporting memorandum of

4

law within sixty (60) days, and Defendant Commissioner shall file his Memorandum of Law in Opposition no later than sixty (60) days from service of Plaintiff's motion. (Doc. No. 8). The order further states that a Motion for Summary Judgment "routinely will be decided on the pleadings submitted." (Doc. No. 8).

The order is silent regarding the filing of responses, and a review of other social security cases filed in this district indicates that responses to submitted Motions for Summary Judgment are not typically filed due to the unique nature of the district court's review. Furthermore, the Court is unpersuaded by Plaintiff's argument that he was prejudiced by not having an opportunity to file a response to Defendant's Motion. Assuming arguendo that Plaintiff was prejudiced in some manner, Plaintiff retained an opportunity to correct and cure any prejudicial effect in his objections to the M&R, which Plaintiff has done in this instance.

**B. RFC Finding**

Plaintiff's second contention is that the M&R incorrectly advises that the ALJ did not err in his calculation of Plaintiff's residual functioning capacity. Plaintiff specifically alleges that the ALJ erred by not satisfying his duty of sequential evaluation under Social Security Ruling 996-8p, but instead, finding in a conclusory fashion that Plaintiff could perform "simple routine, repetitive tasks." (Doc. 16 at 3). Contrary to this contention, however, the ALJ rendered an adequate assessment founded upon substantial evidence contained in the record.

Under SSR 96-8p, the ALJ should "consider all allegations of physical and mental limitations and restrictions and make every reasonable effort to ensure that the file contains sufficient evidence to assess RFC." Furthermore, the ALJ is directed to consider "all of the relevant evidence in the case record," including, by way of example, the claimant's medical history and symptoms and laboratory findings, the effects of treatment, reports of daily activity, recorded

5

observations, medical source statements, and objective effects of symptoms. Id; see also Knox v. Astrue, 327 Fed. App'x. 652, 657 (7th Cir. 2009) ("the expression of a claimant's RFC need not be articulated function-by-function; a narrative discussion of a claimant's symptoms and medical source opinions is sufficient"); Depover v. Barnhart, 349 F.3d 563, 567-78 (8th Cir. 2003) (holding that the absence of a function-by-function analysis did not require remand where the RFC assessment included implicit findings that the claimant was not limited in certain functions).

Here, as noted accurately by the M&R, the ALJ's findings described Plaintiff's RFC in terms of Plaintiff's abilities and restrictions in climbing, crawling, reaching, and fingering, as well as the acceptable level of hazards to which Plaintiff could be exposed. (Tr. 15). Moreover, the ALJ cited to numerous medical tests, assessments, and Plaintiff's statements about his symptoms in the record to support the RFC determination. Thus, the Court agrees with the M&R and its reasoning in holding that the ALJ made his RFC determination with sufficient specificity and based upon such relevant evidence that a reasonable mind would accept as adequate to support the ALJ's conclusion. Heckler, 782 F.2d at 1179.

Furthermore, since there was sufficient evidence in the record including medical tests, assessments, and Plaintiff's testimony, a remand requiring the ALJ to make further findings as to specific functional capacities would clearly be a pointless exercise. See Edwards v. Barnhart, 383 F.Supp. 2d 920, 929 (E.D. Mich. 2005). Accordingly, Plaintiff's objection to the M&R pertaining to the ALJ's RFC finding is overruled.

## C. ALJ's Credibility Finding

Thirdly, Plaintiff argues that the "M&R incorrectly accepted the ALJ's finding as to the plaintiff's credibility." (Doc. 16 at 3). Plaintiff specifically alleges that the "ALJ failed to state any basis for his finding as to Mr. Floyd's credibility" and that the ALJ's decision did not contain

6

"'specific reasons' for the credibility finding" pursuant to SSR 96-7. (Doc. 16 at 4). SSR 96-7 provides that an ALJ's determination must contain "specific reasons for the finding on credibility, supported by the evidence in the case record, and must be sufficiently specific to make clear to the individual and to any subsequent reviewers the weight the adjudicator gave to the individual's statements and the reasons for that weight." Contrary to Plaintiff's claim, however, this Court agrees with the M&R and finds that the ALJ's credibility determination was sufficiently specified and supported by substantial evidence in the record.

The ALJ stated that he based his determination of Plaintiff's credibility upon consideration of 1) Plaintiff's statements concerning the intensity, persistence and limiting effects of the symptoms; and 2) his finding that such statements were inconsistent with the RFC assessment. (Doc. 7 at 16). Moreover, in finding that Plaintiff lacked credibility, the ALJ took into consideration multiple other circumstances. First, the Judge considered Plaintiff's daily activities. (Doc. 7 at 15). Next, the Judge considered statements made by the Plaintiff regarding the amount of time he spent volunteering at the Red Cross each month. (Doc. 7 at 13). Finally, the Court relied on Plaintiff's admission that, "at no time, has a treating or examining physician advised him against working." (Doc. 7 at 13).

Such evidence warrants a finding that the ALJ's credibility determination was not conclusory, but rather, was sufficiently specific and supported by substantial evidence in the case record. This Court, limited in its review to whether substantial evidence supports the Commissioner's decision and whether the Commissioner applied the correct legal standards, is unable to determine the weight of the evidence or substitute its judgment for that of the Commissioner if his decision is supported by substantial evidence. Since substantial evidence exists

which supports the Commissioner's conclusion relating to Plaintiff's credibility, this Court is bound to uphold the Commissioner's determination on this issue. Hays, 907 F.2d at 1456.

## IV. CONCLUSION

In conclusion, the Commissioner correctly applied the law, and the Commissioner's decision denying Plaintiff's application for a period of disability, disability insurance benefits, and Supplemental Security Income was based on substantial evidence. IT IS THEREFORE ORDERED the Court OVERRULES Plaintiff's objections (Doc. No. 16), ACCEPTS and ADOPTS the M&R (Doc. No. 15), DENIES Plaintiff's Motion for Summary Judgment (Doc. No. 9), GRANTS Defendant's Motion for Summary Judgment (Doc. No. 13), and AFFIRMS the Commissioner's decision.

IT IS SO ORDERED.

Signed: October 18, 2011

Graham C. Mullen
United States District Judge